UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T‍ROY J‍ONES, J‍R.,

       Plaintiff,                              Hon. Paul L. Maloney

v.                                           Case No. 1:22-cv-645

F‍RANK B‍AKER, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Emergency Injunctive Relief and Restraining Order. (ECF No. 19). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff initiated this action on July 15, 2022, against the following Allegan County employees: (1) Sheriff Frank Baker; (2) Undersheriff Mike Larsen; (3) Deputy Unknown Koster; and (4) Unknown Mysliwiec. (ECF No. 1). Plaintiff alleges that he was subjected to excessive force during an arrest.

Plaintiff now moves the Court for an injunction ordering Defendant Larsen and various other non-parties to refrain from "harassment and retaliation." Specifically, Plaintiff alleges that he has been subjected to harassment, deprivation of personal and

legal property, and charged with disciplinary violations all in retaliation for two civil actions he is pursuing against Allegan County and several of its employees.

## ANALYSIS

Injunctive relief is "an extraordinary remedy that should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request. First, Plaintiff's motion is not supported by any evidence, thus Plaintiff cannot establish that his allegations have any merit. Even if Plaintiff could demonstrate that his allegations

had merit, he has failed to establish that he is likely to suffer irreparable injury in the absence of relief. While the Court does not condone harassment or retaliation, adequate legal remedies exist to remedy such wrongs and Plaintiff has failed to demonstrate that such remedies are unavailable or inadequate. Finally, the Court finds that the public interest is not served by interfering in the day-to-day operation of a county jail without adequate justification for doing so. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Emergency Injunctive Relief and Restraining Order, (ECF No. 19), be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 13, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge