UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<small>ROY</small> J<small>ONES</small>, J<small>R</small>.,

      Plaintiff,                            Hon. Paul L. Maloney

v.                                                  Case No. 1:22-cv-645

F<small>RANK</small> B<small>AKER</small>, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted.

## BACKGROUND

Plaintiff initiated this action on July 15, 2022, against the following Allegan County employees: (1) Sheriff Frank Baker; (2) Undersheriff Mike Larsen; (3) Deputy Unknown Koster; and (4) Unknown Mysliwiec. (ECF No. 1). In his complaint, Plaintiff alleges the following.

On January 10, 2021, Plaintiff was involved in a single-vehicle accident. When Deputy Koster arrived on the scene, he determined that Plaintiff was injured. Plaintiff was evaluated by EMS but refused "off-site medical treatment" so that he could remain

-1-

at the crash scene to look for his dog. Plaintiff was also aware that he was in violation of a previously imposed condition of bond and would be arrested.

At some point thereafter, Deputies Koster and Mysliwiec approached Plaintiff from behind, grabbed his arms, and "began wrenching [Plaintiff's] arms behind [his] back in an upward motion." Plaintiff complained that these actions were causing "excruciating, unbearable" pain, but the Deputies simply "continued to push [Plaintiff's] arms higher up, towards [his] shoulders, behind [his] back." Plaintiff then "lost [his] footing" at which point the Deputies "slammed [Plaintiff] to the ground" and continued to force Plaintiff's arms up toward his shoulders. Plaintiff then "felt something snap" in his right shoulder. The injuries Plaintiff sustained to his right shoulder and right knee both require surgical repair.

Plaintiff alleges that Deputy Koster and Deputy Mysliwiec violated his Fourth Amendment right to be free from unreasonable seizure and his Eighth Amendment right to be free from excessive force. Plaintiff alleges that Sheriff Baker and Undersheriff Larsen violated his rights by failing to supervise and train their subordinates in the use of proper police techniques and procedures. Defendants Baker and Larsen now move to dismiss Plaintiff's claims. Plaintiff has not responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from

-3-

> the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – ut it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## **ANALYSIS**

Plaintiff has sued Defendants Baker and Larsen in both their personal and official capacities. (ECF No. 1, PageID.2). The Court will address each claim separately.

A. Individual Capacity

Liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998). Plaintiff "must show that a supervising officer did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Walters v. Stafford*, 317 Fed. Appx. 479, 486 (6th Cir., Mar. 18, 2009) (citing *Bass*, 167 F.3d at 1048). Rather, Plaintiff must show that Defendants "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2018).

Likewise, liability does not attach to a supervisory employee "based solely on the right to control employees, or simple awareness of employees' misconduct." *Stafford*, 317 Fed. Appx. at 486-87. Instead, Plaintiff must demonstrate *personal involvement* by a particular defendant. *See Bass*, 167 F.3d at 1048 (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior").

Plaintiff has failed to advance any allegations that either Defendant encouraged or participated in the behavior which Plaintiff alleges violates his rights. Simply put, Plaintiff has failed to allege personal involvement by Defendants Baker or Larsen in the events giving rise to this action. The undersigned recommends, therefore, that Plaintiff's personal capacity claims against Defendants Baker and Larsen be dismissed for failure to state a claim on which relief may be granted.

B. Official Capacity

Plaintiff's official capacity claims are properly construed as claims against Allegan County. *See, e.g., Colter v. Mekhi*, 2021 WL 681405 at *3 (N.D. Ohio, Feb. 22, 2021). To prevail against the County, Plaintiff must establish that his injuries were caused by a County policy or custom. *See Gambrel v. Knox County, Kentucky*, 25 F,4th 391, 408 (6th Cir. 2022). Plaintiff has failed to allege that the County had an official policy of engaging in excessive force. Plaintiff can nevertheless prevail by establishing that the County had "an unofficial custom of inadequately training or supervising the employees who caused the harm." To make this showing, Plaintiff must demonstrate that the

County acted with deliberate indifference to the possibility that its inadequate supervision or training would result in its agents violating the constitutional rights of others. *Ibid*. Plaintiff must further demonstrate that the County's inadequate supervision or training actually caused his injuries. *Id*. at 408-09.

Plaintiff has failed to assert any factual allegations that satisfy this standard. Rather, Plaintiff simply advances the legal conclusion that the County failed to properly supervise or train its employees and that such caused his injuries. Accordingly, the undersigned recommends that Plaintiff's official capacity claims against Defendants Baker and Larsen be dismissed for failure to state a claim on which relief may be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 12) be granted and Plaintiff's claims against Defendants Baker and Larsen be dismissed for failure to state a claim on which relief may be granted.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 13, 2022         /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge